UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

IN RE:

JOSEPH DEAN ANGLE andCASE NO. 02-16868-MAM
JENNIFER KRISTEN ANGLE,Chapter 7

Debtors.
_____

JOSEPH DEAN ANGLE and
JENNIFER KRISTEN ANGLE,
individually and on behalf of
all others similarly situated,

Plaintiffs,
Case No. 1:10-mc-00034-WS-N
vs.Adversary No. 06-01167

BANK ONE, NATIONAL ASSOCIATION,

Defendant.

## FINAL JUDGMENT AND ORDER

The motion of Plaintiffs Joseph Angle and Jennifer Angle for final approval of their class action settlement with Defendant JPMorgan Chase Bank, N.A., as successor to Bank One, N.A., came on for hearing on January 20, 2011 at 9:00 a.m. in Courtroom 2 of the United States Bankruptcy Court for the Southern District of Alabama.

On November 15, 2010, the United States Bankruptcy Court for the Southern District of Alabama (the "Bankruptcy Court") entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement reached among Plaintiffs, on their own behalf and on behalf of the Settlement Class (as defined below), counsel for Plaintiffs, and Defendant,

as memorialized in the Stipulation and Agreement of Settlement and Compromise ("Settlement Agreement").

On December 2, 2010, on joint motion of the Parties, this Court withdrew the reference of this adversary proceeding pursuant to 28 U.S.C. § 157, so as to enable this Court to consider the proposed settlement, but referred the matter back to the Bankruptcy Court to prepare a report and recommendation.

On January 20, 2011, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. The Bankruptcy Court has submitted such a report and recommendation which recommends that this Court approve the settlement as fair and equitable.

Having considered the Parties' moving papers, the Settlement Agreement, the Bankruptcy Court's Report and Recommendation and all other evidence submitted concerning Plaintiffs' motion, the Report and Recommendation is **adopted**.

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendant, members of the Settlement Class and the claims asserted in the adversary proceeding.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arm's length negotiations and is non-collusive.

3. The plaintiffs' Motion for Approval of Final Settlement, (Doc. 4), is **granted**. This Court grants final approval of the Settlement Agreement, including but not limited to the

releases therein, and finds that it is in all respects fair, reasonable and in the best interest of the Settlement Class. No objections were filed, timely or otherwise. Therefore, all members of the Settlement Class are bound by this Final Judgment and Order.

### **Class Certification**

4. The provisionally certified class (the "Settlement Class") is now finally certified pursuant to Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23(b)(3):

> All debtors in a Chapter 13 or Chapter 7 bankruptcy case in which Bank One's national coordinating counsel prepared: (a) motions for relief from the automatic stay (and comparable motions) to recover collateral for the debtors' automobile and other vehicle loans in various bankruptcy courts; and (b) accompanying affidavits, which were allegedly improperly signed and/or notarized and then filed in various bankruptcy courts nationwide during the period from 1999-2003 ("Affidavits").

5. Joseph Angle and Jennifer Angle are designated as representatives of the Settlement Class.

6. Steve Olen and Steven L. Nicholas of Cunningham Bounds, LLC are appointed as Settlement Class Counsel.

7. The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights if the Settlement Agreement and this Final Judgment and Order do not become effective as provided in the Settlement Agreement.

### Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuits.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23(b)(3). Notice was given by first class mail to each Settlement Class Member. This Court finds that this form of Class Notice fully complies with the requirements of Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this adversary proceeding.

### Objections and Opt-Outs

10. No objections were filed by Class Members.

11. No person requested exclusion from the Settlement Class.

### Class Compensation

12. In accordance with the terms of the Settlement Agreement, Defendant shall issue the Settlement Payment set forth in the Settlement Agreement.

### Releases

13. Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

### Award of Attorneys Fees, Costs and Incentive Award

14. The plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Costs, (Doc. 5), is **granted**. The Court awards $530,000, and finds this amount of fees and costs to be fair and reasonable, and finds that the costs are sufficiently supported. This amount shall be paid by Defendant in accordance with the terms of the Settlement Agreement.

15. The plaintiffs' Motion for Award of Incentive Fee, (Doc. 5), is **granted**. The Court grants Settlement Class Counsel's request for an incentive award of $15,000 to class representatives Joseph Angle and Jennifer Angle. The Court finds that such payment is justified by class representatives' service to the Settlement Class. This amount shall be paid by Defendant in accordance with the terms of the Settlement Agreement.

### Other Provisions

16. This adversary proceeding is dismissed with prejudice as to Plaintiffs and all members of the Settlement Class, without fees or costs except as provided above.

17. This Court retains continuing jurisdiction over this adversary proceeding, Plaintiffs, all members of the Settlement Class and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order or the Settlement

Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

20. Plaintiffs and all members of the Settlement Class are permanently enjoined from commencing or prosecuting any action asserting any of the Released Claims (as defined in the Settlement Agreement), either directly, representatively, derivatively or in any other capacity, whether by a complaint, counterclaim, defense or otherwise, in any local, state or federal court, or in any agency or other authority or forum wherever located.

19. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20. In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and this Final Judgment and Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order and Final Judgment and Order are reversed, vacated or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this adversary proceeding shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if the parties to the Settlement Agreement agree to jointly appeal a ruling disapproving the Settlement Agreement and the Settlement Agreement is upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect according to their terms. In the event the settlement does not become final in accordance with the terms of the Settlement

Agreement, this Final Judgment and Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrine of res judicata and/or collateral estoppel shall not be applied.

21. Neither the Settlement Agreement, this Final Judgment and Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

DONE and ORDERED this 21st day of January, 2011.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE